UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL TEZAK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware corporation,<br><br>　　　　　Defendant. | CASE NO. C09-5212BHS<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>MOTION FOR PROTECTIVE<br>ORDER |

This matter comes before the Court on Plaintiff Michael Tezak's ("Tezak") motion for protective order (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a personal injury claim by Tezak against Defendant BNSF Railway Company ("BNSF"). Dkt. 1 (Complaint). Tezak alleges that, over the course of his career at BNSF, he has suffered injuries to his shoulder that have caused him pain and loss of sleep. *See* Complaint ¶ 8; *see also* Declaration of Debra Dickerson (Dkt. 17-2), Ex. 1 at 1 (noting Tezak's loss of sleep due to shoulder pain). Tezak, during relevant times, also saw Susan Fenner, MA, LMHC (mental health counselor). BNSF seeks to obtain the relevant records from Ms. Fenner. *See, e.g.,* Dkt. 16 (BNSF's response to the instant motion to protect the disclosure of such records).

ORDER - 1

On June 3, 2010, Tezak moved the Court for a protective order to prevent the release of his mental health records because, he contends, his mental health is not at issue in this case. *See, e.g.,* Dkt. 14. On June 9, 2010, BNSF responded. Dkt. 16. On June 10, 2010, Tezak replied.

## II. DISCUSSION

The parties agree that Tezak's mental health has not been put at issue as of this point in litigation. *See, e.g.,* Dkt. 18 at 1. However, BNSF is seeking any records that relate to Tezak's shoulder pain and loss of sleep. Dkt. 16. BNSF contends that Ms. Fenner may have records that would show that she treated Tezak in some manner for loss of sleep. In other words, BNSF appears to be attempting to show that Tezak's claimed loss of sleep may not have been related, entirely or at all, to his shoulder injury.

Ms. Fenner submitted a letter regarding her lack of records for treating Tezak for loss of sleep or shoulder pain. Declaration of James K. Vucinovich, Attachment 1 (Dkt. 24-2, sealed) at 1. This sealed letter reveals, however, that Ms. Fenner may have some records regarding Tezak's loss of sleep during the relevant period of his underlying claims. Such records may be relevant to BNSF's apparent theory. Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Therefore, the Court denies Tezak's motion for a complete protective order. To the extent available, the Court orders Tezak to produce to BNSF Ms. Fenner's records relevant to his loss of sleep or shoulder injuries, as requested by BNSF. These records shall be filed pursuant to a protective order agreed to by the parties and filed on the Court's docket under seal unless and until it is otherwise shown that the records should be made public.

ORDER - 2

This order does not decide whether any such records will be deemed admissible for trial. Further, this order leaves open the option for Tezak to withdraw his allegations related to sleep issues, which would likely make Ms. Fenner's records irrelevant to the underlying issues in this matter. *See* Dkt. 16 (BNSF offered this compromise to Tezak).

### III. ORDER

Therefore, it is hereby

**ORDERED** that Tezak's motion for protective order (Dkt. 14) is granted in part and denied in part as discussed herein. Tezak is **ORDERED** to produce the relevant documents within 10 days of this order.

DATED this 29th day of June, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3