UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL TEZAK,

        Plaintiff,

   v.

BNSF RAILWAY COMPANY, a Delaware corporation,

        Defendant.

CASE NO. C09-05212BHS

GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendant's ("BNSF") motion for partial summary judgment dismissing Plaintiff's ("Tezak") Federal Safety Appliance (FSAA) claim (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants BNSF's motion for partial summary judgment for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a Federal Employers' Liability Act claim. See Dkt. 22 at 1 (citing 45 U.S.C. § 51, et seq.). On June 17, 2010, BNSF moved for partial summary judgment on Tezak's FSAA claim. Dkt. 20. On July 7, 2010, Tezak responded in opposition. Dkt. 33. On July 9, 2010, BNSF replied. Dkt. 37.

ORDER - 1

In addition to his FELA claim, which is not the subject of the instant motion, Tezak also raises an FSAA complaint. His FSAA complaint is the sole subject of the instant motion. *See* Dkt. 20 at 3.

## II. DISCUSSION

The FSAA "requires rail cars to be equipped with enumerated safety features, such as certain types of couplers, brakes, running boards, and handholds." *Union Pacific R. Co. v. California Public Utilities Com'n*, 346 F.3d 851 (9th Cir. 2003) (citing 49 U.S.C. § 20302). This matter concerns the FSAA's provisions regarding rail cars with respect to pinlifters, handbrakes, and couplers. Relevant here is 49 U.S.C. § 20302(a)(1)(A), which provides in pertinent part that "a railroad carrier may use or allow to be used . . . a vehicle only if it is equipped with . . . couplers coupling automatically . . . ." Also relevant is § 20303(a)(1)(B), which requires "efficient hand brakes." "Efficient means adequate in performance, producing properly desired effect. Inefficient means not producing or not capable of producing the desired effect; incapable; inadequate." *Sports v. Baltimore & O.R. Co.*, 102 F.2d 160, 162 (7th Cir. 1938). A handbrake is inefficient if there is "a failure to function, when operated with due care, in the normal, natural, and usual manner." *Myers v. Reading*, 331 U.S. 477, 483 (1947).

The parties appear to agree that to establish an FSAA violation, Tezak must prove that (1) a defective appliance as defined by the FSAA existed; (2) the defective appliance was on a "vehicle" as defined by the FSAA; (3) the vehicle was "in use" as defined by case law; and (4) the defective appliance was the proximate cause of Tezak's injuries. *Compare* Dkt. 20 (BNSF arguing Tezak failed to sufficiently establish these facts) and Dkt. 33 (Tezak claiming that he established these facts).

In short, the parties disagree as to whether Tezak must allege that a particular defective device on a particular in-use rail car caused his injury or whether Tezak can

ORDER - 2

merely claim to have "encountered" in-use rail cars that violated the FSAA and caused, at least in part, his alleged injuries. *Compare* Dkts. 20, 33, 37.

Tezak alleges that he suffered permanent and disabling injuries as a result of cumulative trauma stemming from his required work activities with BNSF. Dkt. 1 (Complaint) ¶ 5. Tezak asserts that during the course of his employment since 1995 with BNSF he has "encountered rail cars with defective and inefficient pin lifters that were difficult to use and would not lift (in violation of 49 U.S.C. § 20302(a)(1)(A)), and defective handbrakes that were difficult to use, not properly maintained, and would not hold the car in place (in violation of 49 U.S.C. § 20302(a)(1)(B)). *See generally* Dkt. 1 (Complaint) ¶ 12. In opposition, BNSF points out that each of the cases relied on by Tezak involve instances where particular in-use vehicles were identified to have had the defective appliance that caused the particular plaintiff his/her injuries. *See* Dkt. 37 at 3 (collecting and paraphrasing cases relied on by Tezak).

Tezak's position appears to rely on the fact that none of the cases cited expressly hold that he must identify with particularity the defective appliance. *See id*. This is a problematic position for Tezak to take. For one, each case involves a particular device on an identified vehicle. Further, Tezak would have the Court interpret the cases regarding the FSAA to hold that he need only assert that he generally, as part of his work activities, "encountered" defective safety devices on some of the in-use cars during his employ, that allegedly caused him injury. Tezak appears to take this position because he is claiming cumulative injury rather than one particular injury-causing event. *See* Dkt. 33. Notably, the cases presented by both parties seem to only involve instances where a rail employee is injured as the result of a particular event, unlike the cumulative trauma alleged in this case by Tezak.

Although the Court is sympathetic to the fact that Tezak is claiming cumulative trauma, it also recognizes that BNSF is entitled to defend this action. Indeed, "[t]he test of

ORDER - 3

compliance [with the FSAA] is the operating efficiency of the [safety device] with *which the car is equipped.*" *Chicago, St. P., M. & O. Ry. Co. v. Muldowney*, 130 F.2d 971 (8th Cir. 1942) (emphasis added). This test presumes a particular defective device on a particular rail car. *C.f., Richardson v. Consolidated Rail Corp.*, 17 F.3d 213 (7th Cir. 1994), *superseded by amendment to Fed. R. Civ. P. 26*. *Richardson* is instructive; there, the Seventh Circuit explained:

> It is true that Conrail would be liable if the hand brake did not properly function at the time of the incident, regardless of whether it worked properly before and after. *However, Richardson bears the burden of proving that the hand brake was not working efficiently when he was injured*, and his testimony is not conclusive. Because Conrail disputes whether the brake malfunctioned, *it is allowed to present evidence of the brake's condition at times other than the incident* in order to challenge Richardson's allegations. It was then up to the jury to make determinations of credibility and weigh the evidence in deciding whether Richardson met his burden in proving that the brake did not work efficiently at the time of the incident.

*Id.* at 217 (emphasis added).

The principles from *Richardson* are applicable here. Tezak bears the burden of proving that the safety device was operating inefficiently when he was injured, and BNSF is entitled to present contrary evidence. However, if Tezak is unable or unwilling to identify the particular devices operating on particular in-use rail cars, then BNSF has no reasonable way to defend itself against such an allegation, other than a simple denial.

To conclude, as Tezak proposes, that he need not identify the defective devices with particularity, would create strict liability based on allegations that would create liability by merely being alleged rather than proven with actual evidence. The Court cannot agree that this is the rule, and Tezak has not adequately identified any case law to support his seemingly untenable position. Instead, the Court agrees with BNSF that Tezak cannot establish a violation by simply alleging that he "encountered" defective safety devices on in-use rail cars over the course of his employment with BNSF. Because this

conclusion is dispositive as to Tezak's FSAA claim as a whole, the Court need not reach the other arguments presented in the instant motion by BNSF.

### III. ORDER

Therefore, it is hereby **ORDERED** that BNSF's motion for partial summary judgment (Dkt. 20) is **GRANTED**.

DATED this 12th day of August, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5